**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

**POWELL,**

        **Plaintiff,**

   v.                                **Civil Action No.  AW-04-2791**

**DELTA AIRLINES, INC.,** *et al.*

        **Defendants.**

## MEMORANDUM OPINION

Plaintiff Lee Etta Powell ("Powell" or "Plaintiff") commenced this personal injury action against Delta Airlines, Inc. and its subsidiary Comair, Inc. ("Defendants"), alleging that Defendants negligently failed to provide lighting at the bottom of a set of steps used by passengers to disembark from an aircraft that landed late one night at Baltimore-Washington International Airport ("BWI"). Plaintiff claims that, owing to inadequate illumination, she sustained a fall and suffered various injuries when she reached the bottom of the steps. Presently pending before the Court is Defendants' Motion for Summary Judgment [9]. Defendants argue that, even if there was a negligent failure to provide adequate lighting, Plaintiff is barred from recovery because (a) she was contributorily neglient, or (b) she voluntarily assumed the risk of proceeding down the dimly lit stairs. The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105(6) (D. Md. 2004). For the reasons that follow, Defendants' Motion for Summary Judgment is denied.

### FACTUAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. Plaintiff, a 73-

year-old female, was a passenger on a Comair flight from Cincinatti to BWI. Her flight landed shortly after midnight on May 19, 2003, and taxied to the concourse near the terminal. The aircraft was not connected to the terminal by way of a mechanical tunnel or passageway; rather, a set of stairs was either lowered from or attached to the plane. These stairs provided the only means of egress from the airplane cabin. Plaintiff claims that the concourse was dark and that no additional lighting, other than that emanating from the open door of the aircraft, was provided to illuminate the steps. In addition, there were no airline employees posted at the bottom of the stairs.

Plaintiff has not alleged that the stairs were defective or that some foreign substance contributed to her fall. She does assert, however, that the light from the cabin was sufficient only to illuminate the first third or half of the stairway, and that the remainder was dark. When Plaintiff reached the bottom of the stairway, she missed the final step and fell to the tarmac. As a result, she sustained "painful and permanent injuries . . . to her inner ear, back, shoulders, legs, neck, head and nervous system." Pl. Complaint at 3.

## STANDARD OF REVIEW

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).  Once the moving party discharges its burden by showing there is an absence of evidence to support the nonmoving party's case, *Catrett*, 477 U.S. at 325, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496,

520 (1991) (internal citations omitted). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## DISCUSSION

Maryland's choice of law rules govern this diversity action. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941) (holding that a federal court in diversity must apply the choice of law rules of the forum state). For tort claims, Maryland adheres to the doctrine of *lex loci delicti*, i.e., "it applies the law of the jurisdiction where the alleged wrong occurred." *Cremi v. Brown*, 955 F. Supp 499, 522 (D. Md 1997) (citations omitted). Accordingly, Maryland law is controlling.

### I. Contributory Negligence

A plaintiff's contributory negligence "operates as an absolute bar to recovery under Maryland law." *Major v. CSX Transp., Inc.*, 278 F. Supp 2d 597, 616 (D. Md. 2003) (citing *Harrison v. Montgomery County Bd. of Educ.*, 295 Md. 442, 451, 456 A.2d 894, 898 (1983). Contributory negligence arises where a plaintiff fails to take reasonable and ordinary care for her own safety under the circumstances, and this failure to take care contributes to her injury. *See Kassama v. Magat*, 136 Md. App. 637, 655-64, 767 A.2d 348, 359-63 (2001). The burden of proving contributory negligence rests with the defendant. *See Moodie v. Santoni*, 292 Md. 582, 586, 441 A.2d 323, 325 (1982). Although the question of contributory negligence is ordinarily to be decided by the jury, it becomes a matter of law when reasonable minds could not differ on the outcome. *See Union Mem'l Hosp. v. Dorsey*, 125 Md. App. 275, 282, 724 A.2d 1272 (1999).

Here, Defendants argue that by continuing down the airplane's steps after noticing that the bottom steps were unilluminated, Plaintiff "contributed to her fall and subsequent injuries and

3

damages." Def. Mot. at 7.  Defendants cite *Berzups v. H.G. Smithy Co.*, 22 Md. App. 157, 321 A.2d 801 (1974), in which the court found contributory negligence as a matter of law where plaintiff saw ice on a sidewalk and proceeded to walk directly over it. The *Berzups* court, however, focused on the fact that the plaintiff clearly saw the ice and could have avoided it, yet chose not do so. *Id.* at 164 ("the plaintiff saw the ice but chose to encounter it.") In the instant matter, the Plaintiff had no other obvious means of exiting the plane, and therefore no real choice as to whether she would "encounter" the ill-lighted stairs.

Furthermore, Plaintiff has asserted in her deposition testimony that the darkness at the bottom of the stairs only became apparent after she partially descended the staircase. It is difficult to imagine an alternative course of action that Plaintiff may have undertaken other than to continue making her way down the stairs. Defendants suggest that Plaintiff "should have (1) stopped and asked for assistance or (2) proceeded more slowly until she could ascertain the location of the steps and the ground." Def. Reply at 2. There is no suggestion, however, as to *whom* Plaintiff should have asked for help, or whether there were any airline employees in place to provide it. In fact, Plaintiff has asserted that there were no airline officials posted at the bottom of the stairs. With regard to Plaintiff's rate of descent, Defendants rely on Plaintiff's deposition answer that, after reaching the point of no illumination, she "proceeded down the steps with the same rate of momentum that [she] used from the very beginning." Pl. Dep. at 29. Defendants suggest that this statement indicates Plaintiff's negligent failure to slow down. It is far from clear, however, whether Plaintiff could have slowed down, or whether doing so would have ameliorated the risk she faced. She has testified that she was descending the steps "not quickly," and, for all we know, this 73-year-old woman may have already been moving at the slowest reasonable pace. Given this apparent dispute concerning

4

Plaintiff's rate of speed, the Court cannot find that, as a matter of law, Plaintiff failed to take reasonable and ordinary care for her own safety under the circumstances. Accordingly, summary judgment for Defendants on the basis of Plaintiff's contributory negligence would be inappropriate at this time.

## II. Assumption of Risk

Similarly, we decline to find that Plaintiff assumed the risk of the injury that befell her. Under Maryland law, a defendant may prove assumption of risk by demonstrating that the plaintiff (1) had knowledge of the risk of danger; (2) appreciated the risk; and (3) voluntarily confronted the risk. *See Lipscombe v. Potomac Edison, Co.*, 303 Md. 619, 630, 495 A.2d 838 (1985). Plaintiff contends that the crucial element for the Court to consider is the third one, i.e., whether any assumption of risk was in fact voluntary, and argues that by providing only one means of egress from the aircraft, Defendants left Plaintiff with no choice but to proceed down the inadequately lit staircase. Plaintiff cites *Rountree v. Lerner*, 52 Md. App. 281, 285, 447 A.2d 902, 904 (1982), in which the court found no assumption of risk where "there was evidence that there was no alternative route of egress from the [plaintiff's] apartment" and the plaintiff slipped on ice outside her doorway.

Defendants assert that the *Rountree* holding may be on shaky ground, and that Plaintiff's focus on the plane's sole exit is misplaced – that the risk assumed by Plaintiff was not her choice to exit the airplane via the steps, but rather her "voluntary decision to proceed down the allegedly dark steps with the same momentum as she had walked down the illuminated steps." Def. Reply at 3. In other words, there were (at least) two choices confronting Plaintiff: to descend the stairs, both lit and unlit, at a consistent rate of speed; or, alternatively, to slow her pace when she reached the unlit portion of the staircase. This incident, however, simply does not entail the sort of binary,

5

"either/or" decisionmaking that lies at the heart of the most typical assumption of risk cases. *See, e.g.*, *Kelly v. McCarrick*, 152 Md. App. 82, 93-99, 841 A.2d 869 (2004) (whether or not to join a game of softball); *Bliss v. Wiatrowski*, 125 Md. App. 258, 270, 724 A.2d 1264 (1999) (whether or not to ride in a car with a drunk driver); *McQuiggan v. Boy Scouts of America*, 73 Md. App. 705, 710, 536 A.2d 137 (1988) (whether or not to play a "paper clip shooting game"); *Berzups*, 22 Md. App. at 164 (whether or not to walk directly over visible ice on the sidewalk).

Given the thin evidentiary record before the Court, we cannot say whether Plaintiff's apparent decision to traverse the bottom of the staircase with the same momentum she employed at the top constitutes the "voluntary confrontation" of a known risk. This is particularly so when there is no evidence that Plaintiff was descending at an excessive rate of speed, no indication that she was not already traveling at the slowest reasonable tempo, and no sign that her fall was the result of haste rather than poor visibility.

## CONCLUSION

In sum, the Court believes there are material facts in genuine dispute, such that reasonable minds could differ over whether Plaintiff's conduct amounted to contributory negligence or assumption of risk. Accordingly, Defendants' Motion for Summary Judgment is DENIED. An Order consistent with these rulings shall follow.

September 28, 2005              /s/
Date                            Alexander Williams, Jr.
                                United States District Judge